IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ASIA JOHNSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)　　Civil Action No. 18-422
　　　v.　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
WPIC,　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　 )

## MEMORANDUM OPINION

　　　　Plaintiff Asia Johnson ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that purports to sue WPIC.[1] Several exhibits are attached to the complaint, and appear to be: a February 16, 2018 letter from President Donald J. Trump requesting plaintiff complete a questionnaire and make a contribution to his re-election campaign; a March 2, 2018 letter from President Trump requesting a similar contribution and indicating that by making such a contribution plaintiff would be placed on a Presidential Honor Roll; correspondence dated February 2, 2018, indicating that it is from Michael Glassner, Executive Director of Trump Make America Great Again Committee, to plaintiff requesting that she complete a questionnaire and make a contribution to the committee; and a March 28, 2018 request that plaintiff contribute to the Trump Make America Great Again Committee. (ECF Nos. 3-1, 3-2, 3-3, 3-4).

---

[1] Based on the averments, including the address that plaintiff indicates for defendant and the context of the complaint, the court gleans that plaintiff intends to sue the Western Psychiatric Institute and Clinic of the University of Pittsburgh Medical Center, commonly referred to as WPIC.

1

This court granted plaintiff leave to proceed *in forma pauperis* based on her showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 ("the appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint). Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preserve dismissal under § 1915(e)(2)(B)(i)[2] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the

---

[2] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court also must dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

With respect to the court's jurisdiction, plaintiff's complaint indicates that the basis for federal court jurisdiction is federal question jurisdiction, but fails to indicate a federal statute, treaty, or provision of the United States Constitution at issue as required under the form complaint section II(A). (ECF No. 3 at 4). Plaintiff did, however, indicate on the civil cover sheet that she intends this complaint to be a civil rights action. (ECF No. 1-6 at 2). The statement of plaintiff's claim against WPIC in its entirety is: "I was touch sexually by the hospital staff I Reported it nothing was Done and the staff made me feel unsafe I also seen the director of the 9th floor at Duke Bar once the director Started to drink she began to give out my information to the men that was in the bar." (ECF No. 3 at 5). With respect to any relief requested the complaint form is left blank. (ECF No. 3 at 6).

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines that the court lacks subject matter-jurisdiction over this action and it fails to state a claim. It appears, but is by no means clear, that plaintiff may intend a civil rights action pursuant to 42 U.S.C. § 1983 for denial of equal protection by

WPIC. Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978) (involving claim for denial of equal protection brought pursuant to § 1983); Fitzgerald v. Barnstable School Committee, 55 U.S. 246 (2009) (recognizing claim against municipal entity under § 1983 for harassment based on sex in violation of equal protection and requiring that the harassment resulted from municipal policy, custom or practice). First, plaintiff appears to proceed under a theory of *respondeat superior* with respect to her civil rights claim, which is inadequate to state a claim under § 1983. Monell, 436 U.S. at 694 (rejecting theory that governmental entity can be held liable merely because it employs a tortfeasor and requiring showing that government itself supported a violation of plaintiff's constitutional rights). Plaintiff does not, as Monell requires, allege in any form a policy, custom or practice by WPIC that denied her equal protection. Liability can only attach "when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Bielevicz v. Dubinon, 915 F.3d 845, 849-850 (3d Cir. 1990) (quoting Monell, 436 U.S. at 694)).

Second, plaintiff makes no allegations that WPIC is itself a person that acted under color of state law. Lofland v. Western Psychiatric Institute, Civ. Act. No. 13-370, 2013 WL 2253152 (W.D. Pa. May 22, 2013) (dismissing claim brought by plaintiff *pro* se for failing to allege action by WPIC taken under color of state law). Moreover, the Court of Appeals for the Third Circuit has indicated that WPIC is not a "person" within the meaning of § 1983, Davis v. Western Psychiatric Institute and Clinic, 146 F. App'x 563, 565 (3d Cir. 2005). Additionally, the Court of Appeals for the Third Circuit has recognized that WPIC is entitled to eleventh amendment immunity from suit brought pursuant to § 1983. Id. (suit against WPIC barred by eleventh

amendment immunity and because WPIC not a person under § 1983). Accordingly, the court lacks jurisdiction over a § 1983 claim against WPIC.

With respect to the averment that the "director of the 9th floor" at WPIC gave "information" about plaintiff to men at a bar, it is unclear how that could be occasioned on WPIC, and the nature of the "information" given to the men at the bar. To the extent the allegations intend to suggest that plaintiff is claiming a violation of privacy requirements under the Health Insurance Portability and Accountability Act ("HIPPA"), 42 U.S.C. § 1320d-6, there is no private right of action to remedy asserted HIPAA violations and enforcement of violations of HIPPA lies within the exclusive jurisdiction of the Secretary of Health and Human Services. 42 U.S.C. § 1320d-5; Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Jackson v. Mercy Behavioral Health, Civ. No. 14-1000, 2015 WL 4011645 (W.D. Pa. Jan. 28, 2015). Thus, there is no federal subject-matter jurisdiction over any claim for violation of HIPPA.

There is no diversity of the parties, and, to the extent the court could conceivable have supplemental jurisdiction over any state law claims under 28 U.S.C. § 1442, the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Based on the foregoing, the court will dismiss the complaint because the court lacks subject-matter jurisdiction over the claims against WPIC and with respect to the allegations concerning HIPPA. Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To the extent that plaintiff intends both federal and state law claims that would be part of the same case or controversy under 28 U.S.C. § 1367(a), because the court will dismiss any federal claim, it declines supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(c)(3). Additionally, the court observes that the allegations are at most threadbare, and quite frankly, not

even recitals of elements of a cause of action, and therefore, they fail to state a claim, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (a complaint must provide more than labels and conclusions and threadbare "formulaic recitation of the elements of a cause of action will not do.") (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)), approaching, if they do not equate with, frivolousness.

Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, such as where the court lacks jurisdiction or the complaint is frivolous under § 1915(e)(2)(B)(i), the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). Because the court determines that it lacks jurisdiction, it will dismiss the complaint without leave to amend.

An appropriate order follows.

Dated: July 10, 2018                                By the court,

                                                    s/ Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Chief United States District Judge

cc:     Asia Johnson
        1807 West St., Apt. 2
        Munhall, PA 15120